JOE BELCHER v. THE STATE.

No. 1373. Decided February 23, 1898.

Motion for Rehearing Decided March 26, 1898.

**1. Rape—Penetration—Circumstantial Evidence—Charge.**

On a trial for rape, where the proof as to penetration was of a positive nature, a charge to the jury that such fact could be proved by positive or circumstantial evidence, can not possibly injure defendant.

**2. Incompetent Testimony—Practice.**

Where incompetent testimony has been elicited without exceptions taken until after it was given, then the court, upon request, struck out and suppressed and instructed the jury to disregard the same, no reversible error is shown.

**3. Conduct of the Trial—Improper Action of Prosecuting Attorney.**

It is reprehensible conduct, though it may not constitute reversible error, for the

prosecuting attorney to propound to a witness a question which he must know is illegal when he propounds it.

**4.  Rape—Indictment—Allegation Negativing the Fact that the Female Is Wife of Defendant.**

It is only in cases where the alleged injured female is either so mentally diseased as to have no will to oppose the act of carnal knowledge, or that she is under the age of fifteen years, that it is necessary that the indictment should allege that she is not the wife of defendant. The allegation is not required, and does not apply in cases of rape by force, threats, or fraud on a woman of the age of consent.

ON MOTION FOR REHEARING.

**5.  Proof of Venue—Practice on Appeal.**

Where the record on appeal shows that the case was tried prior to the time the law became operative which requires the court on appeal to presume that venue was proved at the trial in the lower court, the judgment will be reversed if the record fails to show that the venue was proved.

APPEAL from the District Court of McLennan. Tried below before Hon. SAMUEL R. SCOTT.

Appeal from a conviction for rape; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with rape, committed on the 8th of January, 1897, upon Azaline Belcher, his own daughter.

The objection to the testimony, on cross-examination of the witness Isaac McLennan, referred to below, is thus shown in defendant's third bill of exceptions, viz.: "The State's counsel, on redirect examination of State's witness Isaac McLennan, asked said witness, 'if his wife did not have a baby shortly after his marriage with defendant's daughter,' to which question the defendant then and there objected, because it was wholly immaterial in this case, but before defendant had time to object to said question the witness had already answered affirmatively. Defendant then moved the court to exclude said testimony from the jury. which the court did then and there, whereupon the State's counsel, immediately after the exclusion of said testimony, asked the witness the following question: 'Was not Joe (meaning defendant) the daddy of Elizabeth's baby?' (meaning wife of witness and daughter of defendant). To which action of State's counsel the defendant objected then and there, because the question tended only to prejudice the minds of the jury, to wit, in this, that counsel desired to impress upon the jury the fact that defendant had been guilty of a serious crime with his said daughter Elizabeth, now the wife of witness, and because it did not serve in any manner to rebut or contradict any of defendant's testimony, and because no evidence of like character had been introduced on either side; and though said objection was sustained, the defendant excepted then and there to the question because of the harmful effect upon the jury, and the defendant tenders this his bill of exceptions," etc.

*Samuel H. Clayton,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for a term of five years, and he prosecutes this appeal.

Appellant excepts to the charge of the court because in the charge, on the question of penetration, it instructed the jury that this could be proved by positive or circumstantial evidence. The proof on this subject was of a positive nature, and we fail to see how appellant was injured by the charge given, or by the failure of the court to further define circumstantial evidence.

The testimony elicited from the witness Isaac McLennan on cross-examination by the State was clearly incompetent, but no exception was made to it until after the answer had been elicited; and then the court was requested to strike out and suppress the same, and the jury were instructed to disregard the same. We would also observe in this connection that the question immediately following this transaction, propounded by the county attorney, was clearly of an illegal character, and he must have known that it was illegal when he propounded it. This conduct, while reprehensible, is not of that character that would authorize us to reverse this case.

There is nothing in appellant's motion in arrest of judgment based on the failure of the indictment to charge that the prosecutrix was not the wife of appellant. This, under the statute, applies only to two characters of persons on whom a rape may be committed. One is rape upon a woman being so mentally diseased at the time as to have no will to oppose the act of carnal knowledge, and the other is the carnal knowledge of a female under the age of 15 years. In all such cases the statute requires that the indictment should contain the allegation that such person is not the wife of the defendant. We do not understand this to apply to an ordinary charge of rape by force, threats, or fraud on a woman of the age of consent. No error appearing, the judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—This case was affirmed at a former day of the term, and now comes before us on motion for rehearing. The principal question made on motion for rehearing is that the record fails to show any proof of venue. It appears that an assignment was made to this effect, but no stress was laid on the same originally, and the question was neither investigated nor discussed. The indictment was presented on the 30th of April, 1897, and charges that the offense was committed on the 8th of January, 1897. The trial was on June 1, 1897. The contention here is that the law of the Twenty-fifth Legislature, requiring the court to presume that the venue was proven, in the absence of any issue made in the court below on that question, which act was approved March 3, 1897 (see Laws Twenty-fifth Legislature, p. 11), did not go into effect until August 21, 1897, ninety days after the adjournment of

the Legislature, and that consequently said law does not control this matter. We have examined the statement of facts carefully, and it does not show that the venue was proven. So, if it be true that said law had not gone into effect at the time of the trial of this case and when the record was made up, it must be reversed. The act in question contains the emergency clause, dispensing with the reading of the bill in the House on three several days, under section 32, article 3, of the Constitution; but does not contain the clause putting said act into effect at once, under section 39 of said article 3. So we take it that the act on its face shows that it only took effect as ordinary bills; that is, ninety days after the adjournment of the Legislature. If there were any doubt upon this question (which there is not) from the verbiage of the act itself, by reference to House Journal, page 109, it will be seen that the bill originally contained a clause putting it into immediate operation, but that this on motion was stricken out. We hold that the case having been tried before the law of the Twenty-fifth Legislature went into effect authorizing this court to presume, in the absence of any question, that the venue had been proven, and the case having been tried and the record made up under the law as it stood aforetime, it must be governed by the previous law and decisions on that subject. See Clark v. State (Texas Crim. App.), 39 S. W. Rep., 943. The motion for rehearing is accordingly granted, and the judgment is reversed and the cause remanded.

*Motion granted. Reversed and remanded.*