## HENRY JOHNSON v. THE STATE.

### No. 2023.  Decided November 13, 1912.

**1.—Occupation—Local Option—Intoxicating Liquors—Bills of Exception.**

The trial court is not authorized to grant more than ninety days after adjournment in which to file bills of exception, and where the same are not filed within time, they must be stricken out on motion of the State; besides, they presented no reversible error, as the testimony objected to was admissible.

**2.—Same—Sale—Loan.**

Where the defendant loaned two quarts of whisky to be repaid in whisky, by the prosecutor, who returned to defendant two quarts of whisky, the same is a sale in law. Following Coleman v. State, 53 Texas Crim. Rep., 578, and other cases.

**3.—Same—Charge of Court.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence was sufficient to convict, there was no error in refusing a peremptory charge to acquit.

**4.—Same—Forcing Defendant to Trial.**

Where the record showed that defendant had time to employ a counsel, and was ably represented by counsel, the complaint that he was forced to trial was untenable.

**5.—Same—Evidence—Bills of Exception.**

Where no bills of exception were reserved to the admission of testimony with reference to the sale of whisky, the same could not be considered on appeal; besides, the testimony was admissible.

**6.—Same—Occupation—Sale—Other Transactions.**

Where, in addition to showing two sales of intoxicating liquor there was also testimony that defendant received a large quantity of whisky, etc., a conviction for unlawfully pursuing the occupation of selling intoxicating liquors in local option territory was sustained. Distinguishing Thomas v. State, 66 Texas Crim. Rep., 374, 147 S. W. Rep., 262.

Vol. LXVIII Crim.—13.

Appeal from the District Court of Cass. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*E. E. Brougher,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of unlawfully pursuing the occupation of selling intoxicating liquors in territory where prohibition had been adopted, and his punishment assessed at two years confinement in the penitentiary.

The Assistant Attorney-General has moved to strike out the bills of exception in the record, and the motion must be sustained. It appears from the record that the term of court at which appellant was tried adjourned on the 2d day of March, 1912, and the bills of exception were not filed until the 12th day of June, 1912, 102 days after the adjournment of court. The court is not authorized to grant more than ninety days after adjournment in which to file bills of exception. In this case he did not do so, consequently the bills could not be considered because not filed within the time prescribed by law, nor within the time granted by the court. However, if we considered them they would present no error. In the first bill it is shown that "Arthur Thomas borrowed two quarts of whisky to be repaid in whisky, and that later Thomas did return to him two quarts of whisky." This testimony was admissible, and in law constituted a sale of whisky. Were this an original proposition the writer would individually feel inclined to hold that if one in good faith made a temporary loan of whisky to another to be repaid in goods of like quantity and kind within a reasonable time, this would not embrace the elements of a "sale", but by the decisions of this court the contrary rule has been established as the law of this State, and he does not now feel authorized to break away therefrom. Keaton v. State, 36 Texas Crim. Rep., 259; Coleman v. State, 53 Texas Crim. Rep., 578; Barnes v. State, 88 S. W. Rep., 805, and numerous cases cited in section 565 of Branch's Criminal Law. Consequently, the court did not err in admitting the testimony, nor in overruling the motion to strike it from the record.

Neither did the court err in not peremptorily instructing the jury to find the appellant not guilty. The evidence showed that appellant, during the time alleged, received seven shipments of liquor, one embracing three gallons, another sixteen quarts, another twelve quarts, and so on. It also shows he made sales of liquor to Ed Watson and Arthur Thomas, the parties alleged in the indictment, and under this

testimony it was proper to submit to the jury the issue of whether or not he was pursuing that business or occupation. These are all the bills in the record, even if we considered them, and the complaint in the motion for new trial that the court erred in "forcing defendant to trial without his witness, and without an attorney," can not be considered. He was indicted at the August term, 1911, and not tried until the February term, 1912, and if in that time he had not procured an attorney it was appellant's fault, for it appears as soon as he was "forced to trial" he was able to procure an attorney, who, apparently, ably represented him in the trial.

Neither can we consider those grounds in the motion complaining of the inadmissibility of certain testimony, as no bills of exception were preserved. However, we will add that the testimony of Ed Watson as to the purchase of a quart of whisky from appellant was admissible, and the circumstances detailed by him make it a sale.

We have carefully gone over each and every ground in the motion for a new trial, and none of them present reversible error, in the light of the record in this case. The contention of appellant that this case is identical with the Arthur Thomas case, reported in 147 S. W. Rep., 262, is not borne out by the record. In that case two sales, if sales, were alone shown, and the receipt of no quantity of whisky. In this case, in addition to showing the two sales, the State introduced testimony, as shown above, of the receipt by appellant of a large quantity of whisky, which together with the manner that the two sales, especially the one to Walker, were made would support a finding of the jury that appellant was engaged in the business of selling intoxicating liquors.

The judgment is affirmed.

*Affirmed.*