### JIM FRANKLIN V. THE STATE.

No. 11768.   Delivered May 9, 1928.

**1.—Assault to Rape—Indictment—Insufficient.**

Where an indictment charges an assault to rape upon a mentally diseased woman is sufficient to charge the offense of assault with intent to rape by force but omits entirely the allegation that the woman was not the wife of the accused, such indictment is insufficient to charge an assault to rape upon a mentally diseased woman.   See Art. 1183, P. C.; Edwards v. State, 37 Tex. Crim. Rep. 242, and other cases cited.   Branch's P. C., p. 991.

**2.—Same—Indictment—Fundamental Error—Practice on Appeal.**

Where no questions as to the sufficiency of the indictment was raised in the trial court, but the defect in the indictment is one of substance, in that it fails to charge the offense defined in the statute, the sufficiency of the indictment may be raised for the first time on appeal.   See Gonzales v. State, 58 Tex. Crim. Rep. 141; Pospishel v. State, 95 Tex. Crim. Rep. 626.

**3.—Same—Evidence—Held Insufficient—To Support Conviction.**

Where the allegations in the indictment are sufficient to charge an assault to rape by force, but there is an entire absence of testimony showing any resistance by the injured female, or any force used by the appellant, the conviction cannot stand.   See Art. 1184, P. C.; Branch's P. C., p. 998, and Mooney v. State, 29 Tex. Crim. App. 257.

Appeal from the District Court of Eastland County.   Tried below before the Hon. Geo. L. Davenport, Judge.

Appeal from a conviction for an assault to rape upon a woman mentally diseased, penalty two years in the penitentiary.

The opinion states the case.

*J. R. Stubblefield* of Eastland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense assault with intent to rape, penalty two years in the penitentiary.

The record presents a perplexing and rather unique situation. The indictment is in three counts.   The first count sufficiently

charges a rape upon a woman, other than the wife of appellant, so mentally diseased at the time as to have no will to oppose the act of carnal knowledge. The second count sufficiently charges an assault to rape upon a mentally diseased woman, other than the wife of appellant, and the third count, upon which the conviction was had, is sufficient, in our opinion, to charge the offense of assault with intent to rape but it omits entirely the allegation that the woman was not the wife of the accused. Such an allegation is present in the other two counts, but absent in the third count. Upon a former trial the jury convicted upon the third count and upon the last trial only the third count was submitted to the jury.

Art. 1183, P. C., defines rape as follows:

"Rape is the carnal knowledge of a woman without her consent, obtained by force, threats or fraud; or the carnal knowledge of a woman *other than the wife of the person having such carnal* knowledge, with or without consent, and with or without the use of force, threats or fraud, such woman being so mentally diseased at the time as to have no will to oppose the act of carnal knowledge, the person having carnal knowledge of her knowing her to be so mentally diseased; or the carnal knowledge of a female under the age of eighteen years other than the wife of the person with or without her consent and with or without the use of force, threats or fraud; provided, that if she is fifteen years of age or over the defendant may show in consent cases she was not of previous chaste character as a defense."

It will be noted that an essential element of the definition of the rape of a female so mentally diseased as to have no will to oppose the act of carnal knowledge is that she be "a woman *other than the wife* of the person having such carnal knowledge." This being part of the offense defined and denounced by statute, it was indispensably necessary for the state to allege and prove that the mentally diseased injured female was not the wife of appellant. Edwards v. State, 37 Tex. Crim. Rep. 242. For a full collation of authorities see Branch's P. C., p. 991. See also Caidenas v. State, 40 S. W. 980. Belcher v. State, 39 Tex. Crim. Rep. 123. No question as to the sufficiency of the indictment was raised in the trial court, but this defect in the indictment is one of substance in that it fails to charge the offense defined by the statute and may be raised for the first time on appeal. Gonzales v. State, 58 Tex. Crim. Rep. 141; Pospishel v. State, 95 Tex. Crim. Rep. 626.

The evidence seems amply sufficient to support a conviction for an assault with intent to rape a mentally diseased female, but there being no such offense charged in the third count of the indictment, the case will have to be reversed, unless a conviction could be sustained upon the theory that the allegations and proof are sufficient to make out a case of ordinary assault with intent to rape. We regard the third count as sufficient to charge an assault with intent to rape a female not mentally diseased, but is the evidence sufficient to sustain such charge? The quantum of proof in such case is necessarily different. Art. 1184, P. C., is as follows:

"The definition of 'force' as applicable to assault and battery applies also to rape, and it must have been such as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case."

A rule in rape cases laid down by Mr. Branch is as follows:

"Threats apart, every exertion in the power of the woman, under the circumstances, must be made to prevent the penetration of her person, or consent will be presumed." Branch's P. C., p. 998. See also Mooney v. State, 29 Tex. Crim. Rep. 257, and recent case of White v. State, 4 S. W. (2nd) 37.

The trial court seems to have recognized the defect in the indictment and charged the jury that "the assault as above defined must have been accompanied with the specific intent to rape, * * * to have carnal knowledge of the woman without her consent and by the use of such means as is sufficient to overcome all resistance within her power and to accomplish his purpose at all hazards." The allegations of the third count of the indictment, the charge of the court and the evidence indicate the rather singular and unusual situation of a trial of appellant upon the theory that he was guilty of the two kinds of assault to rape above mentioned.

Treating this offense as an ordinary assault with intent to rape case, as we are forced to do because of the insufficiency of the allegation in the indictment to support any other offense, and measuring the sufficiency of the evidence by the above rules, we are forced to conclude that same is insufficient to support a conviction. It rests almost entirely upon the testimony of a sister of the injured party who testified she opened the door of their home suddenly and found the appellant on top of the injured female. She stated: "When I entered the bedroom I could not tell where Jim Franklin had his hands, whether he had hold of Frances' person or not, but he was lying on top of

her." There is an entire absence of testimony showing any resistance by the injured female or any force used by the appellant.

Since we are not permitted to legistate and make law nor to correct the mistakes made by the agencies of the law of the character here shown and following our duty to interpret and follow the law as it is written, we are left no alternative except to reverse and remand this case because of the insufficiency of the evidence, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.