## C. A. WELLS, ALIAS JACK O'CONNOR, V. THE STATE.

No. 17030.  Delivered February 13, 1935.
Rehearing Denied April 3, 1935.

The opinion states the case.

*Walter Greig,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault with intent to rape; punishment, ninety-nine years in the penitentiary.

The indictment herein charged appellant with assault upon a woman with intent to rape her, and by attempting by force, threats and fraud to have carnal knowledge of her without her consent.  The indictment was sufficient, and would support a conviction for such assault upon a female of any age,—provided the testimony showed an assault upon her with intent to have carnal knowledge of her by force, threats or fraud and without her consent.  The term "woman" as used in this statute, includes a female of any age.  Cromeans v. State, 59 Texas Crim.

Rep., 617; Shroeder v. State, 92 Texas Crim. Rep., 7; Jenkins v. State, 34 Texas Crim. Rep., 201. When it is charged, as in this case, that the assault was with intent to have carnal knowledge of such female or woman, by force, threats and fraud, and without her consent, an offense is charged, irrespective of the question of the age of the female; also regardless of whether she be the wife of the accused or not.

It is correctly stated in section 1763, at page 989, in Mr. Branch's Annotated P. C., as follows: "An indictment for rape on a woman not alleged to be mentally diseased or under the age of consent need not allege that she was not the wife of the defendant." Caidenas v. State, 40 S. W., 980, and Belcher v. State, 39 Texas Crim. Rep., 123, are cited. See, also, Franklin v. State, 109 Texas Crim. Rep., 591.

The proposition advanced by appellant that if the prosecutrix be under the age of consent, the indictment must allege that she is not the wife of the accused,—in support of which he cites Alexander v. State, 68 S. W. (2d) 501; Bullock v. State, 54 S. W. (2d) 91, and the cases therein cited,—is not sound, unless explained and limited. In the cases referred to it will be found upon examination that they are cases in which it was alleged in the indictment that the female involved was under the age of consent, in which case without doubt there should be a further averment that she is not the wife of the accused. The language used in the opinion in Alexander v. State, supra, is too broad. The indictment in that case, as in the Bullock case, and also the cases cited in the latter opinion, charged that the injured female was under the age of consent, in which case, as above stated, the indictment should further allege that she was not the wife of the accused. In so far as what was said in the Alexander opinion supports any contention that because the facts of a given case might show such female to be under the age of consent, therefore the indictment should have alleged that she was not the wife of the accused, would not be accurate and said opinion should be so modified as to make it applicable only to a case wherein it is also alleged that the female is under the age of consent. The indictment in the instant case having made no mention of the age of the injured female, and not having alleged that she was under the age of consent, but that the rape was by force, threats and fraud upon a woman, there was no need for the averment that she was not the wife of the accused.

We find no bills of exception in the record. The charge of the court was not open to any of the exceptions taken thereto.

We have carefully gone over the facts. Appellant did not take the witness stand or introduce any witness to contradict the testimony of the girl to the effect that the assault upon her was by force, threats and fraud and without her consent. The only defensive theory advanced was that of insanity. Testimony was adduced pro and con on this question, and we think the jury amply warranted in their conclusion that appellant was not insane. It appears from the record that the girl in question told the first parties she met after the assault, all the facts concerning same. Her clothing were torn. Examination of her person revealed bruises indicating an attempt at penetration.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant has filed with his motion for rehearing a supplemental transcript containing four bills of exception, the motion being predicated on the idea that appellant is entitled to consideration of said bills.

The motion for new trial was overruled on the fifth day of May, and *eighty* days from that date was granted in which to file statement of facts and bills of exception. The eighty days expired on the 24th day of July. The bills were not filed until the 31st day of July. The original transcript was certified to this court on June 18th, at which time the bills had not been filed, and, of course, were not incorporated in the transcript. We judge from appellant's motion that he was under the impression that the extension order was for ninety days, and that he would have until the 3rd of August to file his bills, and that they were filed within such time. However, the record showing only an eighty-day extension, the bills would have to be filed within such time to entitle them to consideration. They were in fact filed seven days too late. Bills not filed within the time granted by the court cannot be considered. Article 760, C. C. P.; Johnson v. State, 68 Texas Crim. Rep., 193, 150 S. W., 1175; Nothaf v. State, 91 Texas Crim. Rep., 378, 239 S. W., 215; Palmer v. State, 92 Texas Crim. Rep., 640, 245 S. W., 238; Victory v. State, 95 Texas Crim. Rep., 219, 254 S. W., 478, and cases therein cited.

We might say that before discovering the delayed filing of the bills same had been examined, and they are not thought to present any error.

The motion for rehearing is overruled.

*Overruled.*