**Lewis Junior LOVE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46511.**

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted of the rapes of a woman and her fourteen year old daughter. Both cases were tried together and in each the appellant was assessed a life sentence. His appeal involving the rape of the mother can be found at 499 S.W.2d 108.

The record discloses the following events with regard to the offense. During the early morning hours of September 1, 1969, the victim and her mother were awakened by two black men. Both women were raped repeatedly by these men and others. The intruders then left, taking with them a television and a phonograph belonging to the prosecutrix and her mother. Appellant was arrested on September 10 and charged with the offense.

In his first ground of error, appellant asserts that the indictment under which he was convicted was fatally defective since it failed to allege that the prosecutrix was not the wife of the appellant as required by Article 1183, Vernon's Ann.P.C. The pertinent portion of that statute defines rape as " . . . the carnal knowledge of a female under the age of eighteen years other than the wife of the person . . . ." Appellant is correct in his assertion that the omission of this element of the offense from the indictment would render it fatally defective. Bullock v. State, 122 Tex.Cr.R. 121, 54 S.W.2d 91; Wells v. State, 128 Tex.Cr.R. 318, 81 S.W.2d 89.

The only question presented herein, therefore, is whether or not this necessary allegation was in fact omitted. The portion of the indictment under attack recites the following:

"Ira Lee Brookins, and Lewis Junior Love, acting together on or about the 1st day of September in the year of our Lord One Thousand Nine Hundred and 69 in the County and State aforesaid, did then and there unlawfully ravish and have carnal knowledge of P. C. B., a female then and there under the age of eighteen years, the said P. C. B. *not being then and there the wife of the said Ira Lee Brookins, and Lewis Junior Love, acting together.*"

Appellant contends that the wording of the last portion of this indictment lends itself to only one of two interpretations. First, he asserts that the comma preceding "and Lewis Junior Love" separates that phrase from the preceding negative averment and renders it meaningless, or, second, that the indictment alleges a legal impossibility, to-wit, that both of the named individuals were not the husbands of the prosecutrix. Neither of these constructions, he contends, would be sufficient to render the indictment valid by properly asserting that the prosecutrix was not the wife of the appellant.

We agree with appellant the grand jury's choice of words was, at least, awkward and could have been phrased in better terms. Nevertheless, we do not construe the defect of such a serious nature so as to prejudice the substantial rights of the appellant within the purview of Article 21.-19, Vernon's Ann.C.C.P., which provides:

"An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant."

Further, we are unable to conclude that the instrument, viewed in its entirety, failed to give appellant notice of the charge against him or failed to allow him to prepare his defense. The wording of the indictment would have been perfectly clear but for the use of the word "and" instead of "or" in the phrase " . . . the said P. C. B. not being then and there the wife of the said Ira Lee Brookins, and Lewis Junior Love, acting together."

A similar situation was considered by this Court in the case of Bell v. State, 88

Tex.Cr.R. 507, 228 S.W. 232 wherein it was held that since the words "and" and "or" are often used interchangeably an indictment was not defective which contained an incorrect usage of one of these words.

Similarly, in regard to the usage of "and" or "or", this Court has stated:

"In the strict sense of precise definition, the one disjoins and the other conjoins; the one is an alternative, and the other is connective; the one carries an alternative meaning, as, you may do this, or that, but you cannot do both; the other, that you may do this and that. Such is the restrictive or precise meaning of these terms; however, they are not words of technical meaning and are to receive, in the law, the same meaning they carry in common parlance. In themselves, they are empty terms; they have no inherent meaning; they are mere 'colorless particles' that derive their meaning or force from what comes before and after . . ." Alexander v. State, 84 Tex.Cr.R. 75, 204 S.W. 644.

See also the large number of cases relating to the usage of "and" or "or" collated under Words and Phrases, "and." Also, Hancock v. State, Tex.Cr.App., 491 S.W.2d 139.

We construe the language of the indictment to mean that this alleged victim was not married to either of the defendants named therein.

At any rate, the indictment did, in fact, allege the following: " . . . the said P. C. B. not being then and there the wife of the said——Lewis Junior Love."

■ We hold that the indictment was sufficient, and overrule ground of error number one.[1]

Under his second and final ground of error, appellant complains that his extrajudicial confession was obtained as a result of coercive tactics on the part of the Garland police, to-wit:

"(1) That he was not allowed to use a telephone to secure legal counsel until after he had given the police an incriminating statement;

"(2) That he was starved and deprived of sleep;

"(3) That he was confronted with incriminating statements made by co-defendant in the crime."

At the trial, appellant moved to suppress this confession. Accordingly, the trial court conducted a hearing outside the presence of the jury in compliance with Article 38.22, V.A.C.C.P., and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

After hearing evidence from both parties, the court ruled that the statement had been voluntarily given. The court's order is included in the papers filed in this cause. The issue of voluntariness of the confession was subsequently submitted to the jury in the court's charge.

The record discloses that the appellant was arrested at approximately 6:00 P.M. on September 10, 1969, by Officer Jerry Carlock of the Garland Police Department. A uniformed squad was then called in by Officer Carlock to transport appellant to the city jail. Testimony by one of these officers indicated that during transit to the jail appellant was advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 and Article 38.-22, V.A.C.C.P.

Officer Carlock, by his testimony, arrived at the police station at 7:00 P.M. the same evening. Approximately 20 minutes later, the appellant was arraigned by Justice of the Peace Theron Ward who informed him of the nature of the charge against him, explained that he had a right

---

1. This is not the same question involved in Rose v. State, Tex.Cr.App., 499 S.W.2d 12, (1973) where we held that an "and/or" verdict was not enforceable for uncertainty.

to have an attorney or that if he could not afford an attorney that one would be appointed for him, and of his right to an examining trial.

Carlock further testified that he did not engage in any conversation with the appellant until the next morning nor did he know of anyone else doing so. This testimony was corroborated by Officer Billy Earl Hines, identification officer for the Garland Police Department. Officer Carlock then testified that at approximately 10:00 A.M. the following morning, after advising appellant of his rights under Article 38.22, V.A.C.C.P., he obtained a voluntary statement from appellant in which appellant admitted having participated in the rape. Further, Carlock testified that prior to the time that appellant signed the statement the entire statement including the printed portion containing appellant's rights under Article 38.22, supra, was read to appellant and that appellant appeared to have understood it. The above testimony was corroborated by Flo Snow, a civilian employee of the Garland Police Department.

Appellant, testifying in his own behalf at the hearing, testified, in summary, that the officers who transported him to the city jail did not advise him of his rights, that Judge Ward did not advise him of his rights at the arraignment, that he was questioned the evening of his arrest, and that the statement he signed did not contain any printed warnings. Further, appellant stated that he was not allowed to use the telephone to call "his people" in order to get a lawyer.

Concerning appellant's claim that he was not allowed to use the telephone, Officer Carlock testified that during the time he was with appellant, both on the evening of the 11th and the morning of the 12th, that appellant did not request use of a telephone though repeatedly warned of his right to obtain a lawyer. In addition, Officer Billy Earl Hines testified that appellant did, in fact, use the telephone after Officer Carlock had left the jail on the evening of the 11th.

On the issue of whether appellant was starved and deprived of sleep, the record clearly reflects that appellant in his testimony admitted that he was not hungry at the time he signed the statement and that hunger was not the motivation for his signing. There is no evidence in the record to support appellant's claim that he was deprived of sleep.

Appellant's contention that he was coerced to confess by being confronted with confessions of co-defendants implicating him is likewise unsupported by the record. Officer Carlock, in his testimony, indicated that he did tell appellant that others had been arrested and had given statements; however, he further stated that he did not tell appellant that these statements had implicated him.

We hold that there was adequate evidence to support the finding that appellant's statement introduced into evidence was voluntarily made without compulsion or persuasion or promises.

Appellant's second ground of error is overruled.

We find no reversible error and affirm the judgment.

Opinion approved by the Court.