Lewis Junior LOVE, Appellant,

v.

The STATE of Texas, Appellee.

No. 46512.

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Melvin Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Appellant was convicted of rape with punishment being set by the jury at life imprisonment. In a companion case which can be found at 499 S.W.2d 104, the appellant was convicted of statutory rape of this prosecutrix's daughter.

During the early morning hours of September 1, 1969, appellant, accompanied by several other individuals, broke into the home of the victim, J.Y.B. During the course of events, the victim herein and her daughter were repeatedly raped. Appellant was arrested on September 10, 1969, and on the following day gave the Garland police a statement in writing implicating himself in the offense.

On this appeal, appellant urges two grounds of error, the second of which involves the voluntariness of his confession. We have previously overruled this contention in the companion case and, therefore, will not consider it herein.

Appellant's only other ground of error challenges the sufficiency of the evidence to sustain the conviction because of the prosecutrix's failure to make an immediate outcry.

The record reflects that after the attack the prosecutrix and her daughter bathed and went back to bed. The police were notified that afternoon.

■ Immediate outcry is not one of the elements of the offense charged. However, it is well established that it is relevant as bearing upon the issue of consent to the act of sexual intercourse, if there is an issue of consent.

"Failure of the prosecutrix to make prompt outcry or complaint of an outrage may be proved by defendant as tending to show consent on her part, that is, in those cases where consent is an issue." 48 Tex.Jur.2d, "Rape," p. 696, § 59.

The prosecutrix testified that the act of intercourse with the individuals involved was without her consent and that she would not have so participated but for fear for her own life and the lives of her children. Both the prosecutrix and her daughter testified that they were raped at gun point. The appellant did not testify nor did he offer any witnesses at the guilt-innocence stage of the trial.

 The evidence did not raise the issue of consent, and we hold the evidence amply sufficient to support the verdict.

Appellant's second ground of error is overruled.

We find no reversible error and affirm the judgment.

Opinion approved by the Court.