## H. M. Myers v. The State.

No. 3572.   Decided May 15, 1907.

1.—Assault With Intent to Rape—Definition of Offense—Penalty—Minimum— Constitutional Law.

Penalties for violations of the Penal Code of this State are within the sound discretion of the Legislature; and the statute defining the offense of an assault with intent to rape, which fixes a penalty at a term not less than two years in the penitentiary is constitutional and not violative of article 3 of the Penal Code.

2.—Same—Indictment—Assault.

An indictment which alleged that the defendant did unlawfully then and there make an assault with the intent then and there of him the said M to commit rape in and upon one K, a woman, by then and there attempting by force, threats and fraud to ravish and have carnal knowledge of the said K without her consent, etc., is sufficient to charge an assault with intent to commit rape upon the said K.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. E. B. Muse.

Appeal from a conviction of assault with intent to commit rape; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*A. S. Baskett,* for appellant.—17 Enc. Pl. & Pr., p. 649.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of asasult to rape, and his punishment assessed at three years confinement in the penitentiary.

There is no statement of facts in the record. The only question we can review is appellant's motion to quash the indictment, which motion insists that the indictment is defective in that it does not charge an assault upon any person, but merely charges that defendant committed an assault, generally, with the intent then and there to rape one Louise Keach. It nowhere charges an assault upon the said Louise Keach; and, because the article of the statute under which the indictment is drawn is inoperative for the reason that said article of the statute and the criminal code of this State nowhere has a penalty affixed thereto. The statute merely affixes a minimum penalty and does not affix a maximum penalty, leaving the penalty, in effect, wholly to the discretion of the jury trying the case. That said statute is in conflict with and violative of article 3 of the Penal Code of this State. Penalties for violations of the Penal Code of this State are within the sound discretion of the Legislature, and there is nothing in the statute that suggests its invalidity or its unconstitutionality. The charging part of the indictment is as follows: "Did unlawfully then and there make an assault with the intent then and there of him, the said H. M. Myers, to commit rape, in and upon one Louise Keach, a woman, by then and there attempting by force, threats and fraud to ravish and have carnal knowledge of the said Louise Keach without her consent, etc." This indictment does charge an assault upon Louise Keach, and appellant's position is not well taken.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*