## ZALIE TARVER V. THE STATE.

No. 11455.   Delivered February 1, 1928.

**1.—Assault to Rape—Punishment—Province of Jury.**

Appellant complains that the punishment assessed against him of 101 years in the penitentiary is excessive.  The legislature has fixed the punishment for this offense at confinement in the penitentiary for any term of years, not less than two, and the jury is charged with the responsibility of fixing the punishment in each case.  This court has no authority to interfere with the exercise by the jury of their discretion.

**2.—Same—Admission of Evidence—Within Discretion of Trial Court.**

Where it is shown that after the testimony had been closed, the court permitted the state to introduce a witness who testified to material facts, authorities are uniform and numerous to the effect that the conduct of the trial is largely within the discretion of the court and that he may permit the introduction of testimony any time before the trial is concluded.  No abuse of this discretion is shown in the instant case.  See Art. 643, C. C. P., 1925.

**3.—Same — Argument of Counsel — Qualification of Bill — No Error Presented.**

Where appellant complains of the argument of State's Attorney and his bill is qualified by the court with the statement that the court does not recall any such argument as having been made, such bill presents no error.

**4.—Same—Evidence—Held Sufficient—Justifies Punishment.**

Where it was shown that appellant, an employe of a hotel in the city of Dallas, had entered, in the night-time, the room of a young woman, guest of the hotel, attired only in his undergarment, and had assaulted and beaten prosecutrix, and made every possible effort to ravish her by force, we think the jury was fully warranted in convicting him, and assessing a punishment for a term of years which would confine him in the penitentiary for the rest of his life.

Appeal from the Criminal District Court No. 2 of Dallas County.  Tried below before the Hon. C. A. Pippin, Judge.

Appeal from a conviction for an assault to rape, penalty 101 years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Wm. McCraw,* Criminal District Attorney of Dallas County, and *A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for assault to rape, punishment 101 years in the penitentiary.

There are four bills of exception in the record. One complains of the verdict as excessive. The framers of our statutes saw fit to fix the punishment for this offense at confinement in the penitentiary for any term of years not less than two. No maximum limit is stated. The complaint here is that the length of time fixed is beyond duration of the life of an ordinary human being. This would seem in the nature of a complaint at the legislature for fixing the penalty as same appears in the statute. The complaint is not one of which this court can take serious cognizance. The matter is within the discretion of the jury, and within the language used by the legislature in writing the law.

It appears from one bill of exceptions that after the testimony had closed and the charge of the court had been prepared and presented to the accused, the court permitted the state to introduce a witness who testified to material facts in the case. There is no showing that the introduction of this witness was a matter of surprise to the appellant, or that he had permitted any of his witnesses to leave, or that he was in anywise injured or his rights impaired or affected by this action of the court. Authorities are uniform and numerous to the effect that the conduct of the trial is largely within the discretion of the court, and that he may permit the introduction of testimony any time before the trial is concluded. This in fact is in accord with the language of Art. 643 of our Code of Criminal Procedure. No abuse of the discretion of the court in the matter is shown. The bill shows that after this evidence was admitted the court below again tendered his charge to appellant's counsel.

There is a bill of exceptions complaining that the State's Attorney referred to appellant as a beast and as a brute and as a scoundrel. The record contains no request or instruction to the jury not to regard such argument, and the bill is qualified by the trial court in a statement that he does not recall any such argument having been made. No error is shown.

The remaining bill of exceptions complains that the District Attorney was permitted in his argument to the jury to ask them to give appellant a term of five hundred years in the penitentiary. We know of no authority holding such language erroneous; and in a case where the law fixes no maximum we would not be inclined to hold the argument erroneous.

The facts show a case of an exceptionally outrageous character. The young woman who was assaulted by appellant was

alone in a room on the fifth floor of a hotel in Dallas. Appellant was an employe of the hotel. He seems to have had access to keys which would unlock the various doors in the hotel. He appeared in the room of the prosecutrix attired only in an undergarment and seems to have made every possible effort to ravish her by force. When the outcry was finally heard and others came to the room, it was in the wildest disorder, blood was on the garments of the young woman, who was bruised in numbers of places, her eyes blacked and gouged, and the fact was made manifest that a strong, vigorous young man had attempted by force, in the heart of a great city, to ravish the woman. No testimony was offered on behalf of the appellant. No claim of mental disorder was interposed. The accused did not take the stand, or attempt to deny or palliate the enormity of his crime. We are unable to say that the jury was not fully justified in giving to the appellant as punishment a term of years which would confine him in the penitentiary for the rest of his life.

No error appearing, the judgment will be affirmed.

*Affirmed.*