JAMES BELTON V. STATE

No. 27,979. February 1, 1956.

*James Haynes, Jr.,* Laredo, for appellant.

*E. James Kazen,* District Attorney, Laredo, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for robbery with firearms; the punishment, ninety-nine years in the penitentiary.

The state's testimony shows that the appellant early on the morning of May 21, 1955, by telephone, sought the services of of Dr. Shannon T. Peterson, a dentist, to relieve a toothache which he said had troubled him all night, and was waiting at Dr. Peterson's office door when he arrived; that immediately after entering the office, Dr. Peterson turned and appellant, who was then pointing a pistol toward him, commanded that he empty his pockets on the floor which he did because he was in fear of his life or serious bodily injury, and that the appellant picked up more than $300 in money from the floor, which Dr. Peterson had placed there at his command. At this instant, Dr. Peterson's secretary opened the office door. Dr. Peterson called to her to leave, and appellant reached for her as she turned away. Dr. Peterson then seized the appellant, who shot him three times in the stomach with the pistol. The officers and others came to the scene immediately, the appellant was arrested and Dr. Peterson removed to the hospital.

Appellant did not testify or offer any evidence in his behalf.

We find the evidence sufficient to support the conviction.

By Bill of Exception No. 1, appellant contends that the trial court erred in rejecting the first verdict of the jury assessing his punishment at life imprisonment as it was the true verdict of the jury, and further erred in instructing the jury to return another verdict because such verdict was directed by the court.

The bill reveals that the jury came into open court with the following verdict:

"We the jury, find the defendant guilty as charged in the indictment and assess his punishment at confinement in the State Penitentiary for life. (Signed) Rudolfo C. Centeno Foreman."

And it further reveals that:

"After the Court had read the verdict he advised the jury that he could not receive it; that it was unauthorized; that a life term in the penitentiary is not for a term of years; and that the Court then re-read to the jury a portion of his charge stating that for armed robbery the penalty was death or confinement in the penitentiary for a term of not less than five years; and that they should retire and reconsider their verdict. Thereupon the jury retired, and in about ten minutes returned into Court the following verdict, to wit: 'We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at ninety-nine (99) years in the State penitentiary. (Signed) Rudolfo C. Centeno, Foreman.'

"The verdict was read by the Court in the presence of the jury, the jury was polled and all assented to it, and the Court thereupon announced that it would be received as the verdict in the case. This was accordingly done. Thereupon the Court pronounced the judgment in accordance with the verdict.

"This proceeding was had and the defendant took no exception to it, but the question is raised in the Motion for a New Trial, * * *.

"In this connection the Court further certifies that it was undisputed upon the trial of this case that the robbery was perpetrated with use of fire arms * * * ."

The charge of the court submitted only the offense of robbery by the use of firearms.

Art. 1408, Vernon's Ann. P.C., reads as follows:

"If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."

The trial court charged the jury that in the event they found appellant guilty, they should assess his penalty at death or by

confinement in the penitentiary for any term not less than five years. No other penalty was submitted.

The verdict assessing the punishment at confinment in the penitentiary for life was not authorized by law or the charge of the court, and was not such a verdict as the court should receive. 42 Tex. Jur. 499, Sec. 386; Taylor v. State, 14 Tex. App. 340; Gould v. State, 66 Tex. Cr. R. 421, 147 S.W. 247; Williams v. State, 78 Tex. Cr. R. 647, 182 S.W. 335; Caviness v. State, 150 Tex. Cr. R. 296, 200 S.W. 2d 1017. It was not only proper, but it was the court's duty to refuse to accept the verdict and to call the attention of the jury to the charge of the court and direct that they retire for further deliberation. The trial court did not err in refusing to accept the first verdict presented by the jury and in directing that they retire for further consideration of their verdict.

In his brief, appellant first contends that the verdict of the jury was void because the word "confinement" was not used therein.

Having found the appellant guilty as charged and fixed his punishment at ninety-nine years in the state penitentiary, the jury could not have had any other intention than that such punishment be inflicted by confinement in the penitentiary. The verdict is not vitiated by the omission of the word "confinement" therein. 42 Tex. Jur. 488, Sec. 378; Brown v. State, 77 Tex. Cr. R. 183, 177 S.W. 1161; Moreland v. State, 127 Tex. Cr. R. 470, 77 S.W. 2d 690; Jabalie v. State, 128 Tex. Cr. R. 412, 81 S.W. 2d 509.

Fnding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the court.