James Allen JOSEPH, Appellant,

v.

The STATE of Texas, Appellee.

No. 35559.

Court of Criminal Appeals of Texas.

March 27, 1963.

Rehearing Denied May 15, 1963.

Baldwin & Goodwin (on appeal only), Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., Ken Parker and John R. DeWitt, Asst. Dist. Attys., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for nighttime burglary of a private residence, with a prior conviction of an offense of like character alleged for enhancement; the punishment, ninety-nine years in the penitentiary.

No statement of facts of the evidence adduced upon the trial accompanies the record.

Appellant's sole contention on appeal is that the jury's verdict is insufficient to support the judgment rendered thereon by the court.

The indictment charged, in separate paragraphs, that on or about the 24th day of January, 1962, appellant committed the primary offense of burglary of a private residence at night and that prior to the commission of the said offense he was finally convicted in the Criminal District Court of Jefferson County on the 20th day of December, 1957, of the offense of burglary with intent to commit theft, an offense of like character.

Both the issues as to appellant's guilt of the primary offense of burglary and as to whether he had previously been convicted of the offense of like character were submitted to the jury.

Under the instructions given by the court in his charge, the jury returned the following verdict:

"We, the jury, find the defendant guilty of the offense of Nighttime Burglary of a Private Residence, and we further find that he has heretofore been convicted of a felony less than capital."

Upon such verdict, judgment was rendered by the court, adjudging appellant guilty of the offense of *nighttime burglary of a private residence and repetition* and fixing his punishment at confinement in the penitentiary for ninety-nine (99) years. Sentence was pronounced upon appellant in accordance with such judgment.

Art. 1391, Vernon's Ann.P.C., prescribes the punishment for burglary of a private residence at night at confinement in the penitentiary "for any term not less than five years."

Art. 62, V.A.P.C., provides that upon a subsequent conviction for a felony less than capital the punishment shall be the highest affixed to the commission of such offense in ordinary cases.

332

■ Under this court's decision in Brown v. State, 346 S.W.2d 842, the trial court was authorized to fix appellant's punishment, upon the jury's verdict, at confinement in the penitentiary for ninety-nine years.

■ We are unable to agree with appellant that the verdict was insufficient to support the judgment rendered thereon, under Art. 62, supra, because it did not find that appellant had been convicted of an offense of like character as required by the statute. The verdict, when read in connection with the indictment and court's charge, clearly shows the jury's intention to find appellant guilty of the primary offense and that he had been previously convicted of the offense of like character alleged in the indictment.

The judgment is affirmed.

Opinion approved by the Court.

WOODLEY, Presiding Judge (dissenting).

Art. 693, C.C.P. provides that if the plea is not guilty, the jury must find that the defendant is either "guilty" or "not guilty", *"and they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty."*

The appellant was found guilty of the offense of burglary of a private residence at night, the punishment for which is found in Art. 1391, P.C.: "One guilty of burglary of a private residence at night shall be confined in the penitentiary for any term not less than five years."

The jury also found that the appellant had been previously convicted of burglary, as charged in the indictment, but assessed no punishment. The trial court received the verdict and entered judgment ordering appellant's confinement in the penitentiary for a term of 99 years.

The trial court's action and the majority opinion affirming the 99 year term is supported by the opinion of this Court in Brown v. State, Tex.Cr.App., 346 S.W.2d 842, wherein a 99 year term for a second conviction of assault with intent to rape was affirmed, though the jury assessed no punishment.

As I see it, Brown v. State is clearly wrong and should be overruled rather than followed.

Art. 62, P.C. provides: "If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction *shall be the highest which is affixed to the commission of such offenses in ordinary cases."*

What is the highest punishment affixed by the statute (Art. 1391, P.C.) for burglary of a private residence at night?

It is evident from a reading of the statute that the Legislature has not fixed a maximum term of years or a life term, or any other particular punishment which may be said to be the highest particular penalty. They have provided simply that the person committing such offense shall be confined in the penitentiary "for any term not less than five years."

It follows that a term of 99 years is not "absolutely fixed by law" as the *"particular penalty"* for burglary of a private residence enhanced by a prior conviction for burglary, nor is 99 years the highest punishment *"which is affixed to the commission of such offenses* [burglary of a private residence at night] in ordinary cases."

The fallacy of the reasoning in Brown v. State, that a sentence of 99 years being in excess of the expected life span of any defendant, any greater number of years assessed would be without significance, may be demonstrated.

If 99 years is the maximum punishment, any greater number of years that a jury should assess would necessarily be excessive, and the defendant having served the minimum punishment provided for the offense, would be entitled to discharge. Ex parte Goss, 159 Tex.Cr.R. 235, 262 S.W.2d

412; Ex parte Lindsey, Tex.Cr.App., 331 S.W.2d 320.

The parole laws contain a provision relating to the parole of a convict who has served one-fourth of the maximum sentence.

The expected life span of a defendant can have no significance. If so, why not say the maximum punishment is 90 years, 80 years, 70 years, or even 60 years, rather than 99 years?

I would overrule Brown v. State, supra, and hold that Art. 62, P.C. does not apply where the statute fails to provide a maximum term or a life term as punishment for the primary offense.