**Allen CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38734.**

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Arthur O'Connor, Belton (on appeal only), Ross Tarrant, Temple, for appellant.

Stanley Kacir, Dist. Atty., Dennis C. Holle, Asst. Dist. Atty., Belton, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is burglary of a private residence at night.

The indictment alleged a prior conviction for burglary. The jury found appellant guilty of the primary offense and further found that the allegations of the indictment as to the prior conviction were true.

Upon the jury's verdict, the trial judge entered judgment ordering appellant's confinement in the penitentiary for not less

than 99 years nor more than 99 years. The appeal is from such conviction.

The statute fixes the punishment for burglary of a private residence at night at "any term not less than five years." Art. 1391 P.C.

The enhancement statute (Art. 62 P.C.) provides that the punishment on a second or subsequent conviction for an offense of like character "shall be the highest which is affixed to the commission of such offenses in ordinary cases."

Art. 693 C.C.P. provides in part that if the plea is not guilty the jury "must find that the defendant is either 'guilty' or 'not guilty,' and *they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty.*" (It is interesting to note that the above italicized portion of Art. 693 C.C.P. was omitted from the New Code. Art. 37.07.)

The majority opinions of this Court in Joseph v. State, 367 S.W.2d 330, and Madeley v. State, 388 S.W.2d 187, support the trial court's judgment ordering appellant's confinement in the penitentiary for 99 years.

The writer's views are expressed in his dissents in these cases. See also Brown v. State, 171 Tex.Cr.R. 167, 346 S.W.2d 842.

The distinction between a term of 99 years or any other term of years and a life sentence is significant in the appeal now before us.

While his appeal was pending appellant escaped from the Bell County Jail and did not voluntarily return to the custody of the sheriff. He was captured two days later in Waco, McLennan County.

Art. 824 Vernon's Ann.C.C.P. provides:

"If the defendant, pending an appeal in a felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the State's attorney, dismiss the appeal; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; and in cases where the punishment inflicted by the jury is death or *confinement in the penitentiary for life*, the court may in its discretion reinstate the appeal if the defendant is recaptured or voluntarily surrenders within thirty days after such escape."

The punishment of appellant was not "inflicted by the jury" and was not for life, but was for 99 years. Such being the punishment assessed, this Court is without jurisdiction to enter any order other than to dismiss the appeal and has no discretion to re-instate it.

The appeal is dismissed.