**Ex parte Melvin Carl DAVIS.**

**No. 39935.**

Court of Criminal Appeals of Texas.

Nov. 9, 1966.

On Rehearing Feb. 15, 1967.

**48**

Melvin Carl Davis, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

McDONALD, Judge.

This is an original application for habeas corpus by relator who is confined in the Texas Department of Corrections under sentence in Cause No. 11692–A of the District Court of Wichita County, Texas.

The indictment in said cause charged relator with the offense of assault with intent to rape and the judgment, upon a plea of guilty before the court, and the sentence reflect that the punishment was assessed at confinement in the penitentiary for life.

The punishment provided by statute for the offense of assault with intent to rape is "for any term of years not less than two." Art. 1162, Vernon's Ann.P.C.

Relator relies upon Ex Parte Rolen, 163 Tex.Cr.R. 525, 294 S.W.2d 403, to sustain

his position. True, in that case a life sentence was imposed for this identical offense. This was a 1956 case, opinion written by Judge Woodley and a dissenting opinion by Presiding Judge Morrison. The writ of habeas corpus was granted and relator was ordered discharged. The holding of this court at that time in the Rolen case was that "Life imprisonment for such offense is not authorized by statute and is excessive." Relator had served more than the minimum punishment provided by law for the offense for which he was charged and convicted, and as to the excessive punishment, the judgment was held void and relator was held to be entitled to his discharge.

Ex Parte Webb, Tex.Cr.App., 374 S.W. 2d 675, is the only case to reach this Court, prior to this one, since this writer has been a member of the Court, in which a petitioner sought his discharge under the rule announced by this Court in Rolen, supra. While the writer agreed with Judge Woodley's opinion in the Webb case, supra, he is now convinced that he erred in so doing, and now confesses error. The writer does not agree with the holdings of this Court in Rolen, supra. Cases similar to the case at bar are: Ex Parte Erwin, 145 Tex.Cr.R. 504, 170 S.W.2d 226; Ex Parte Goss, 159 Tex.Cr.R. 235, 262 S.W.2d 412; Ex Parte O'Dare, 146 Tex.Cr.R. 162, 172 S.W.2d 336; Ex Parte Wheat, 146 Tex.Cr.R. 171, 172 S. W.2d 344; Daugherty v. State, 146 Tex.Cr. R. 303, 174 S.W.2d 493; Ex Parte Whitten, 151 Tex.Cr.R. 169, 205 S.W.2d 588; Ex Parte Geisling, Tex.Cr.App., 243 S.W.2d 833 and Cuellar v. State, 151 Tex.Cr.R. 176, 206 S.W.2d 250. The writer feels and believes that the correct disposition of this case is controlled by the case of Bailey v. United States, 74 F.2d 451, 452, wherein the Court of Appeals for the Tenth Circuit had before it practically the identical question as is here presented. There the court said:

> "It is our opinion that Congress did not use the phrase 'term of years' in the technical sense attributable to it when applied to estate in lands. Life being of

limited duration and death being certain, a sentence for life is definite and certain. It is tantamount to a sentence for a definite term of years greater than the possible life span of the person sentenced."

The identical language contained in the foregoing holding was used by Presiding Judge Morrison in his dissent in Ex Parte Goss, supra.

The writer is committed to that school of thought expressed by this Court in the cases of Brown v. State, 171 Tex.Cr.R. 167, 346 S.W.2d 842, and Joseph v. State, Tex. Cr.App., 367 S.W.2d 330. Judge Woodley dissented in the Joseph case and while he did not participate in the Brown case, he did express his disagreement over the disposition of the Brown case in his dissent in Joseph.

As may be readily apparent from the foregoing discussion of the various cases, we have a divided court and a difference of opinion. The writer, with whom Presiding Judge Morrison concurs, feels that the line of cases relied upon by petitioner, Ex Parte Erwin, 145 Tex.Cr.R. 504, 170 S.W. 2d 226; Ex Parte O'Dare, 146 Tex.Cr.R. 162, 172 S.W.2d 336; Ex Parte Wheat, 146 Tex.Cr.R. 171, 172 S.W.2d 344; Daugherty v. State, 146 Tex.Cr.R. 303, 174 S.W.2d 493; Ex Parte Whitten, 151 Tex.Cr.R. 169, 205 S.W.2d 588; Cuellar v. State, 151 Tex. Cr.R. 176, 206 S.W.2d 250; Ex Parte Geisling, Tex.Cr.App., 243 S.W.2d 838; Ex Parte Goss, 159 Tex.Cr.R. 235, 262 S.W.2d 412; Ex Parte Rolen, 163 Tex.Cr.R. 525, 294 S.W.2d 403; Ex Parte Foight, 165 Tex. Cr.R. 153, 306 S.W.2d 132 and Ex Parte Webb, Tex.Cr.App., 374 S.W.2d 675, should all be overruled, and they are accordingly overruled.

From what has been said, it is clear that petitioner should be denied the relief sought. It is so ordered.

WOODLEY, Judge (dissenting).

In the opinions prepared by him which are today overruled, the writer has fully expressed his views regarding a life sentence for an offense such as assault with intent to rape; attempt to rape; burglary of a private residence, and robbery with firearms, where the statute does not in terms provide a life sentence as punishment.

The majority today announce ɩ new rule of law which is directly contrary to the uniform decisions of this Court over a period of more than twenty years, and do so upon authority of the very decision which this Court considered, discussed and declined to follow in Daugherty v. State, 146 Tex.Cr.R. 303, 174 S.W.2d 493, decided in 1943.

To reach the conclusion that a life sentence may be imposed as punishment for the offense of assault with intent to rape, the majority find it necessary to overrule opinions written by Judges Graves, Hawkins, Beauchamp, Davidson and the writer, the earliest of which is Ex Parte Erwin, 145 Tex.Cr.R. 504, 170 S.W.2d 226, decided in 1943, and the most recent being Ex Parte Webb, Tex.Cr.App., 374 S.W.2d 675.

The majority have not overlooked their holding as to the punishment for a second conviction for the offense they now say is punishable in ordinary cases by confinement in the penitentiary for life.

The writer's views as to the applicability of Art. 62 P.C. in such cases is set out in his dissenting opinions in Joseph v. State, Tex. Cr.App., 367 S.W.2d 330; Madeley v. State, Tex.Cr.App., 388 S.W.2d 187; and Sellars v. State, Tex.Cr.App., 401 S.W.2d 835.

Unless the majority is prepared to hold that a life sentence is no longer the highest punishment that may be assessed for a felony less than capital, they find themselves in the position of saying that a life sentence may be assessed for assault with intent to rape in ordinary cases but on a second or other subsequent conviction for such offense Art. 62 P.C. fixes a definite punishment of 99 years.

To the majority opinion and to the application of the new construction of statutes announced therein retroactively to uphold a

life sentence for assault with intent to rape pronounced on February 2, 1962, I respectfully dissent.

## OPINION ON REHEARING

ONION, Judge.

Being convinced that the previous opinion which denied relief and overruled many decisions of this Court under which relator is entitled to relief was wrong, four judges of the present five judge Court directed that the cause be set for submission on motion for rehearing and that Ex Parte Balas, 412 S.W.2d 53, be filed and submitted.

Relator, an inmate of the Texas Department of Corrections, seeks his discharge by writ of habeas corpus. The judgment and sentence, a copy of which relator attached to his pro se application, indicate he plead guilty on February 2, 1962, to the offense of assault with intent to rape in the 30th District Court of Wichita County, Texas, and was assessed a punishment of confinement in the state penitentiary for life.

The relator's contention made herein is that Article 1162, Vernon's Ann.P.C., denouncing the offense of assault with intent to rape provides for a penalty of "any term of years not less than two"; that a life term is not included within the statute, and that therefore the judgment and sentence providing for a life term are unauthorized; that the same not being authorized the minimum term is two years; and relator having served more than such minimum term, he is entitled to his discharge as the remainder of the sentence is excessive and void.

Life imprisonment has been authorized by the Texas Legislature for the offenses of murder, rape, treason, destroying an unborn child, and for a third conviction for sale of narcotics. It is also a punishment authorized for robbery, but not for robbery when a firearm or other deadly weapon is used. Article 1408, V.A.P.C.

In addition to Article 1162, V.A.P.C. (assault with intent to rape) and the above mentioned portion of the robbery statute, other statutes authorizing confinement in the penitentiary for an unlimited term but which do not provide for life imprisonment include Article 1190, V.A.P.C., attempt to rape; Article 1398, V.A.P.C., burglary by explosives, and Article 1391, V.A.P.C., burglary of a private residence at night. It should be observed that a statute which affixes a minimum, but not a maximum, term of years as punishment is a valid statute. Myers v. State, 51 Tex.Cr. R. 463, 103 S.W. 859.

The fixing of penalties for crime is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion, and the courts will not interfere therewith unless the penalty prescribed is outside of constitutional limitations.

In Daugherty v. State, 146 Tex.Cr.R. 303, 174 S.W.2d 493, this Court, speaking through Judge Beauchamp, said:

"The legislature has, in some cases, provided for life sentences and in others, for a term of years. It appears that such has been done with care and caution. We are unable to find that they have, in any case, used the two expressions interchangeably as meaning the same thing and there is no basis for a conclusion that they did. In the absence of such practice, we have heretofore reached the conclusion that the expressions are used in a technical sense; that the intention is clearly expressed and that this court should follow it. That holding will be adhered to."

In Ruiz v. United States, 365 F.2d 500, the U. S. Court of Appeals, Third Circuit, when confronted with a similar question as one now before us, said:

"[W]e are in accord with the Court of Criminal Appeals of Texas which held in Daugherty v. State, 1943, 146 Tex.Cr. R. 303, 174 S.W.2d 493; Cuellar v. State,

1947, 151 Tex.Cr.R. 176, 206 S.W.2d 250, and Ex Parte Goss, 1953, 159 Tex.Cr.R. 235, 262 S.W.2d 412, that imprisonment for life is not for a term of years and is authorized only when the statute so provides."

Relator cites as authority Ex Parte Rolen, 163 Tex.Cr.R. 525, 294 S.W.2d 403. There a life sentence was imposed for the offense of assault with intent to rape. In discharging the relator, the court held that "Life imprisonment for such offense is not authorized by statute and is excessive." Ex Parte Rolen, supra, is in accord with the uniform holding of this Court over a period of twenty-three years that a life sentence was not authorized under such statutes which provided no maximum term of years.

The prior majority opinion in the case at bar handed down November 9, 1966, held that "life" term was included with the phrase "any term of years not less than two."

This prior opinion was based in part upon Bailey v. United States, 10 Cir., 74 F. 2d 451, and in part upon the "school of thought" expressed by this Court in Joseph v. State, Tex.Cr.App., 367 S.W.2d 330 and Brown v. State, 171 Tex.Cr.R. 167, 346 S. W.2d 842, and followed in Sellars v. State, Tex.Cr.App., 401 S.W.2d 835; Madeley v. State, Tex.Cr.App., 388 S.W.2d 187. Cf. Clark v. State, Tex.Cr.App., 396 S.W.2d 886.

We do not feel that the Bailey decision, supra, is applicable for the very same cogent reasons that this Court in 1943 declined to follow that decision in Daugherty v. State, 146 Tex.Cr.R. 303, 174 S.W.2d 493.

The decisions in Brown, Joseph, Madeley and Sellars, supra, are to the effect that the trial court is authorized to assess punishment under Article 62, V.A.P.C., at 99 years when the Legislature has not provided a maximum penalty for the instant or primary offense.

Article 62, V.A.P.C., provides:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

█ This statute has been held to create no offense, but merely to authorize increased punishment to be affixed to subsequent convictions. Beyer v. State, 172 Tex.Cr.R. 279, 356 S.W.2d 436; Brown v. State, 171 Tex.Cr.R. 167, 346 S.W.2d 842; Williams v. State, 109 Tex.Cr.R. 450, 5 S. W.2d 514. The provisions are reformatory in nature, Childress v. State, 134 Tex.Cr.R. 504, 116 S.W.2d 396, and must be strictly construed. Garcia v. State, 140 Tex.Cr.R. 340, 145 S.W.2d 180.

The decisions in Joseph, Madeley, and Sellars, supra, seem to have been based upon the reasoning set forth in Brown v. State, supra. There the conviction was for the instant or primary offense of assault with intent to rape and the punishment enhanced under the provisions of Article 62, supra, was set at 99 years by the trial court.

The court affirmed the conviction holding that it was the trial court's duty to assess the maximum number of years which a jury could assess in an ordinary assault with intent to rape case, and that only if it found the Legislature had provided no maximum punishment would it be authorized to reverse.

The rationale of the Brown decision seems to be that the court observed that many cases had been appealed wherein the punishment for assault with intent to rape had been assessed at a term of 99 years, and that the Legislature had met and adjourned without amending Article 1162, V.A.P.C., prescribing the penalty for assault with intent to rape at confinement in the penitentiary for "any term of years not less than two", and that this warranted the

conclusion that the trial court was therefore authorized to assess the punishment at ninety-nine years under the provisions of Article 62, V.A.P.C.

The Court further reasoned that while a term of years greater than ninety-nine years could be assessed in an ordinary assault with intent to rape case, a sentence of ninety-nine years is in excess of the expected life span of any defendant and any greater number of years assessed would be without significance. The fallacy of the reasoning of the Court in such case is apparent on its face and is further pointed up in the dissents in Joseph, Madeley and Sellars, supra. See 1 Houston Law Review, 177.

The Court apparently overlooked the history of the statute dealing with the offense of assault with intent to rape. The statute formerly had a maximum term of 7 years. (Tex.Sess.Laws, 1879, Tex.Pen.Code, title XV, Ch. 3., Art. 503). The maximum term was eliminated in 1895, (Tex.Sess.Laws, 1895, Ch. 75, Sec. 1) by the Legislature which re-enacted the statute in 1911 and again in 1948 subsequent to the decision in Myers v. State, 51 Tex.Cr.R. 463, 103 S.W. 859, holding that the statute was valid without a maximum punishment. See also Tarver v. Staate, 108 Tex.Cr.R. 655, 2 S.W.2d 439.

Research does not reflect support for the court's statement that many cases have been appealed involving ninety-nine year convictions for the offense of assault with intent to rape. Only one such case has been found. Wells v. State, 128 Tex.Cr.R. 318, 81 S.W.2d 89. With such a background it can hardly be argued that the Legislature's silence authorized the trial court to fix the punishment based upon a prior conviction.

The effect of Brown, supra, and the cases following it was to provide for no maximum for the first offense, but a maximum for the second conviction making it possible for a first offender to receive a greater punishment than a second offender despite the clear purpose of Article 62, V.A.P.C.

To arrive at the conclusion that the Court did in Brown, Joseph, Madeley and Sellars, supra, is to read into the statutes involved language the Legislature did not see fit to employ and to engage in judicial legislation.

We cannot substitute our judgment for the judgment and the discretion of the Legislature. Where the statute is clear and unambiguous the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute.

Therefore we hold that Article 62, V.A.P.C. does not apply where the statute fails to provide a maximum term or a life term as punishment for the primary offense. To the extent of any conflict, Sellars v. State, Tex.Cr.App., 401 S.W.2d 835; Madeley v. State, Tex.Cr.App., 388 S.W.2d 187; Joseph v. State, Tex.Cr.App., 367 S.W.2d 330; Brown v. State, 171 Tex.Cr.R. 167, 346 S.W.2d 842 are hereby overruled.

We are fully cognizant of the fact that under this holding the provisions of Article 62, V.A.P.C., are rendered inapplicable to such common offenses as assault with intent to rape, attempt to rape, burglary of a private residence at night and burglary by explosives, however, no other conclusion seems logical from the language used by the Legislature in the statutes involved. We observe that any prior conviction otherwise available under Article 62, V.A.P.C., would certainly be admissible in the separate hearing on punishment before either the judge or the jury by virtue of the provisions of Article 37.07, Sec. 2 (b), Vernon's Ann.C.C.P.

The wisdom of the Legislature in fixing either no maximum or minimum punishment is not the concern of this Court. The determination of penalties for violation

of the Penal Code is within the sound discretion of the Legislature.

■ It is clear from what has been said that to construe Article 1162, V.A.P.C. (assault with intent to rape) and other similar statutes authorizing confinement in the penitentiary for any term of years without prescribing a maximum penalty as including the term of life would render all statutes authorizing confinement in the penitentiary "for life" or for "any term of years" redundant.

Such a construction would pry the lid off of Pandora's box, i.e., it would mean a verdict of a jury assessing life as punishment would be proper even though inconsistent with the express penalty provisions of the statute involved and the charge of the court. Cf. Belton v. State, 162 Tex.Cr.R. 436, 286 S.W.2d 432.

■ It having been shown by certificate of the Texas Department of Corrections that the relator has credit in excess of the minimum punishment provided for the offense of assault with intent to rape, he is entitled to discharge. Ex Parte Rolen, supra; Ex Parte Goss, 159 Tex.Cr.R. 235, 262 S.W.2d 412; Ex Parte Erwin, 145 Tex.Cr.R. 504, 170 S.W.2d 226.

Judge Morrison remains convinced of the soundness of his dissents in Ex Parte Goss, supra; Ex Parte Rolen, supra; Ex Parte Foight, supra, and Ex Parte Webb, supra. He also remains convinced of the correctness of the majority opinions in Sellars v. State, supra; Madeley v. State, supra; Brown v. State, supra, and Joseph v. State, supra, and does not agree with this opinion on rehearing.

The order denying the relief sought is set aside, and the authorities listed in the original opinion as being overruled are reaffirmed.

The petition for writ of habeas corpus is granted, and relator is ordered released from further confinement under the life sentence.