**Ex parte James Allen JOSEPH.**

**No. 40381.**

Court of Criminal Appeals of Texas.

May 3, 1967.

Baldwin, Goodwin & Matheny, by Joe B. Goodwin, Beaumont, for petitioner.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

This is a habeas corpus proceeding attacking the conviction with sentence of 99 years, affirmed by the majority opinion of this court in Joseph v. State, 367 S.W. 2d 330.

In Ex parte Davis, 412 S.W.2d 46, this court on rehearing held that Art. 62, Vernon's Ann.P.C. does not apply where the statute fails to provide a maximum term or a life term as punishment for the primary offense, and overruled Joseph v. State, supra, and other cases to the extent of any conflict.

■ The 99 year sentence petitioner is serving was not assessed by the jury but was erroneously pronounced upon the theory that appellant's prior conviction for burglary, alleged and proved, made applicable the provisions of Art. 62 P.C.

As to the punishment in excess of 5 years (the minimum punishment for burglary of a private residence) the 99 year sentence is void. Ex parte Balas, 412 S.W. 2d 53, and cases cited.

Petitioner having more than seven years credit on his sentence for burglary of a private residence at night, it is ordered that he be released from further confinement under the 99 years sentence.