**Ex parte Allen CLARK.**

**No. 41981.**

Court of Criminal Appeals of Texas.

March 26, 1969.

Allen Clark, pro se, petitioner.

Stanley Kacir, Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is a petition for writ of habeas corpus attacking the conviction pronounced in Cause No. 15,665 in the District Court of Bell County on May 12, 1965, for burglary of a private residence at night which was enhanced by a prior conviction for burglary under Art. 62, P.C., and the punishment was assessed at 99 years. Petitioner's appeal to this Court was dismissed in an opinion reported in Clark v. State, 396 S.W.2d 886.

This petition was presented to the Honorable James K. Evetts, district judge, in accordance with Art. 11.07, Vernon's Ann. C.C.P. and Ex parte Young, Tex.Cr.App., 418 S.W.2d 824. From an order which concludes that the applicant is not entitled to relief, the record was forwarded to this Court.

The petitioner was convicted of the primary offense of burglary of a private residence at night which is prohibited by Art. 1391, Vernon's Ann.P.C. The statute pro-

vides that one convicted of such offense "shall be confined in the penitentiary for any term not less than five years."

Art. 62, supra, provides that upon the second felony conviction for the same offense or one of the same nature, the punishment on the "subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

Art. 1391, supra, provides no maximum punishment for the offense of burglary of a private residence at night. Therefore, Art. 62, supra, cannot be used to enhance applicant's punishment in this case and the 99 year sentence was not authorized. Ex parte Davis, Tex.Cr.App., 412 S.W.2d 46.

A certificate from the Texas Department of Corrections has been forwarded to this Court showing that the applicant has credit for more than five years, which is in excess of the minimum punishment provided for the offense of burglary of a private residence at night. The applicant is entitled to be released from custody. Ex parte Davis, supra; Ex parte Beverly, Tex. Cr.App., 422 S.W.2d 442.

It is so ordered.

DOUGLAS, J., not participating.