**Ex parte Wilbur RAMSEY.**

**No. 44690.**

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Roy E. Greenwood, Huntsville, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Applicant, an inmate of the Department of Corrections, presented his application for writ of habeas corpus to the Honorable James Zimmermann, Judge of the Criminal District Court No. Three of Dallas County, in accordance with Article 11.07, Vernon's Ann.C.C.P., and Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App., 1967). Judge Zimmermann's findings of fact and conclusions of law have been certified and forwarded to this Court.

Applicant began serving a 99 year sentence on May 29, 1961 for the offense of burglary of a private residence at night, enhanced under Article 62, Vernon's Ann. P.C., by a prior burglary conviction.

Article 62, *supra*, provides that:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other sub- sequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

 Article 1391, V.A.P.C., which proscribes burglary of a private residence at night, has no maximum punishment provision. Therefore, Article 62, *supra,* cannot be used to enhance applicant's punishment in this case and the 99 year sentence was not authorized. Ex parte Clark, 438 S.W.2d 813 (Tex.Cr.App., 1969); Ex parte Davis, 412 S.W.2d 46 (Tex.Cr.App., 1967).

A certificate from the Department of Corrections has been forwarded to this Court showing that applicant has credit for more than five years, which is in excess of the minimum punishment provided for the offense of burglary of a private residence at night. The applicant is entitled to be released from custody. Ex parte Davis, *supra;* Ex parte Clark, *supra;* Ex parte Beverly, 422 S.W.2d 442 (Tex.Cr. App., 1967).

It is so ordered.