IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1909-11






MICHAEL JAY BAYS, Appellant



v.



THE STATE OF TEXAS


 




ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


GREGG COUNTY





 Hervey, J., filed a dissenting opinion in which Keller, P.J., and
Keasler, J., joined.


DISSENTING OPINION 



 I disagree with the disposition of this case. It is clear that a video recording of an
outcry statement is admissible pursuant to Article 38.072 of the Texas Code of Criminal
Procedure, provided that the other statutory requirements are met. In reaching the
opposite conclusion, the majority interprets the legislative intent too narrowly and relies
on a non-controlling statute.

 We granted the State's petition for discretionary review to determine whether the
court of appeals erroneously decided that, under Article 38.072 of the Texas Code of
Criminal Procedure, a child's outcry statement may be offered only through an outcry
witness, not in the form of a video recording of the child's outcry to that witness, which is
played at trial where both the witness and the child are available for cross-examination. 

 Hearsay is an out-of-court statement "offered in evidence to prove the truth of the
matter asserted." Tex. R. Evid. 801(d). Whether hearsay is admissible at a criminal trial
is determined by the Texas Rules of Evidence and the Sixth Amendment of the U.S.
Constitution. Sanchez v. State, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). Although
the rules of confrontation and the rules of hearsay generally protect similar values, the
overlap between the two is not complete. (1) United States v. Owens, 484 U.S. 554, 560
(1988); California v. Green, 399 U.S. 149, 155-56 (1970).

 Generally, hearsay is inadmissible, but it may be admitted if so provided by the
Rules of Evidence, or if it is allowed "by other rules prescribed pursuant to statutory
authority." Tex. R. Evid. 802. One such statute is Article 38.072 of the Texas Code of
Criminal Procedure, which provides for the admission of the outcry statement of a child
victim of sexual or physical abuse under specified circumstances. Tex. Code Crim.
Proc. art 38.072; (2) Sanchez, 354 S.W.3d at 484. Article 38.072 applies only to statements
that describe the alleged offense, were made by the child against whom the charged
offense was allegedly committed, and were made to the first person, 18 years or older, to
whom the child or person with a disability made a statement about that offense. Tex.
Code Crim. Proc. art. 38.072, § 2(a). A statement that meets these requirements
overcomes the hearsay rule and is admissible if the following conditions are also
satisfied:

 (1) [O]n or before the 14th day before the date the proceeding begins, the
party intending to offer the statement:

 (A) notifies the adverse party of its intention to do so;

 (B) provides the adverse party with the name of the witness through
whom it intends to offer the statement; and

 (C) provides the adverse party with a written summary of the
statement;

 (2) the trial court finds, in a hearing conducted outside the presence of the
jury, that the statement is reliable based on the time, content, and
circumstances of the statement; and

 (3) the child or person with a disability testifies or is available to testify at
the proceeding in court or in any other manner provided by law.


Id. § 2(b).

 When interpreting statutory language, we focus on the "'collective' intent or
purpose of the legislators who enacted the legislation." Boykin v. State, 818 S.W.2d 782,
785 (Tex. Crim. App. 1991). To determine the collective intent of the Legislature, we
look first to the literal text to discern its "fair, objective meaning." Id. As we have
explained, 

 We do this because the text of the statute is the law in the sense that it is the
only thing actually adopted by the legislators, probably through
compromise, and submitted to the Governor for her signature. We focus on
the literal text also because the text is the only definitive evidence of what
the legislators (and perhaps the Governor) had in mind when the statute was
enacted into law. There really is no other certain method for determining the
collective legislative intent or purpose at some point in the past, even
assuming a single intent or purpose was dominant at the time of enactment.
Yet a third reason for focusing on the literal text is that the Legislature is
constitutionally entitled to expect that the Judiciary will faithfully follow the
specific text that was adopted.

 

Id. We must "presume that every word in a statute has been used for a purpose and that
each word, phrase, and sentence should be given effect if reasonably possible." State v.
Hardy, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997). Only if the statutory language is
ambiguous or leads to absurd results may we consult extra-textual sources. Boykin, 818
S.W.2d at 785.

 The majority concludes that Article 38.072 creates a hearsay exception for outcry
evidence only when that evidence is conveyed by the live testimony of the outcry witness,
not through the admission of video-recorded statements of the complainant. However,
the plain language of the statute is clearly and unambiguously broad enough to permit the
admission of an outcry statement in the form of a video recording. 

 The portion of Article 38.072 that refers to the offer of an outcry statement states
only that the party intending to offer the statement must "provide[] the adverse party with
the name of the witness through whom it intends to offer the statement." Tex. Code
Crim. Proc. art. 38.072, § 2(b)(1)(B). This language indicates that the outcry statement
must be offered "through" a witness, that is, by means or agency of the witness. See
American Heritage College Dictionary 1413 (3d ed. 2000) (defining "through");
Webster's II New College Dictionary 1150 (1999) (same). But the language of the
statute is silent regarding, and does not limit, the particular form that the outcry statement
must take. 

 I recognize that the outcry witness often testifies directly as to the substance of the
outcry statement. This is because a recording of the outcry statement does not exist and
the outcry witness's recount is the only evidence available of such. But the mere fact that
this is the more-common scenario does not mean that the admission of other evidentiary
forms of the outcry statement are prohibited. The Legislature could have restricted the
form in which the outcry statement is presented to the jury, but it elected not to. When it
enacted Article 38.071 in 1983 (two years before it enacted Article 38.072), the
Legislature specifically provided that the form of evidence admissible under that statute
was "the recording of an audio statement of the child." In contrast, when it enacted
Article 38.072, the Legislature placed no such restriction on the form in which outcry
statements are presented to the jury. 

 In its discussion of legislative intent, the majority places much emphasis on the
reference in the legislative committee report to testimony rather than to other forms of
evidence. But by focusing on the particular word "testify," the majority downplays the
broader reach of the Legislature's general intent. Because the hearsay rule barred adults
in whom child sex-abuse victims had confided from repeating what they had been told,
the Legislature's stated purpose was to provide an exception to the hearsay rule to allow
statements of child victims to come into evidence. See House Committee on Criminal
Jurisprudence, Bill Analysis, Tex. H.B. 579, 69th Leg., R.S. (1985); House Study
Group, Bill Analysis, Texas H.B. 579, 69th Leg., R.S. (May 9, 1985). Recognizing
that it is often traumatic for children to testify in a courtroom setting, especially about
sexual offenses committed against them, (3) the Legislature constructed Article 38.072 to
allow the child's outcry statement to come in "through" the first adult in whom a child
confides regarding the abuse. 

 The language of the statute reflects that the first adult in whom a child confides is
to serve as a conduit for the admission of the outcry statement (as reflected by the
language "through whom"), without specifying whether the outcry statement is to be
conveyed through the outcry witness's live testimony, a recording of the outcry statement,
or a combination of the two. The majority contends that because the Legislature
"envisioned that the child's outcry would take the form of a spontaneous verbal
communication to a trusted adult," it "did not intend to permit admission of a child's
videotaped statement." But even if there were a focus on spontaneity, the Legislature
drafted the statute with language broad enough to encompass a situation in which the
child's statement is recorded, even if less spontaneous. (4)

 The majority concludes "that the admissibility of a child's videotaped statement is
governed by the more specific video statute [Article 38.071], as opposed to the more
general outcry statute [Article 38.072]." But Article 38.071 cannot control a case such as
this when the victim was available and testified. Article 38.071 applies to situations in
which the child witness is unavailable, whereas Article 38.072, the statute at issue in this
case, requires that the child witness testify or at least be available to testify. (5) A statute
cannot control the disposition of a case when the facts are not within its scope. 
Moreover, I want to emphasize that the ground upon which we granted specifically
addresses only Article 38.072. (6) 

 In conclusion, "[w]here the statute is clear and unambiguous the Legislature must
be understood to mean what it has expressed, and it is not for the courts to add [to] or
subtract from such a statute." Coit v. State, 808 S.W.2d 473, 475 (Tex. Crim. App. 1991)
(quoting Ex parte Davis, 412 S.W.2d 46, 52 (Tex. Crim. App. 1967)). Because Article
38.072 does not limit the form in which the outcry statement may be presented through
the outcry witness to the jury, the plain language is clearly broad enough to permit the
admission of an outcry statement in the form of a video recording, provided that the
statute's other requirements are also satisfied. Accordingly, I believe that the admission
of the video recording of Anne's outcry statement during Drennan's testimony was proper
under Article 38.072.

 For these reasons, I respectfully dissent.

 Hervey, J.

Filed: April 17, 2013

Publish
1. Appellant did not raise the issue of confrontation to the court of appeals, and he does not
argue such here. Moreover, the Supreme Court has held that "when the declarant appears for
cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his
prior testimonial statements." Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004); see also
Delaware v. Fensterer, 474 U.S. 15, 21-22 (1985) (per curiam); California v. Green, 399 U.S.
149, 162 (1970).
2. The statute has been amended by three acts of the Legislature since proceedings began
against Appellant. See Act of June 11, 2009, 81st Leg., R.S., ch. 284, § 1; Act of June 19, 2009,
81st Leg., R.S., ch. 710, § 1; Act of April 21, 2011, 82nd Leg., R.S. Ch.1 § 2.07. None of those
changes affected the statute's application to this case, so I will refer to the current version of the
statute.
3. Martinez v. State, 178 S.W.3d 806, 810-11 (Tex. Crim. App. 2005); see also Coronado
v. State, 351 S.W.3d 315, 317 (Tex. Crim. App. 2011); Gonzales v. State, 818 S.W.2d 756, 759-60 (Tex. Crim. App. 1991).
4. The legislators were mindful of preserving the defendant's rights to confront the witness,
and accordingly, they alleviated this concern by requiring that the complainant "be available to
testify." See House Study Group, Bill Analysis, Tex. H.B. 579, 69th Leg., R.S. (May 9,
1985).
5. The majority asserts that "[a]n irreconcilable conflict would exist if both statutes were
interpreted to permit the admission of a child's videotaped statements because the outcry statute
would create a loophole for admitting evidence that is otherwise inadmissible under the more
stringent video statute." This argument fails because the requirements of the two statutes are
tailored to different circumstances, that is, whether the child complainant is available or
unavailable. The requirements of Article 38.072 that the child victim be available and his
statement be admitted "through" the outcry witness minimize the need for the more stringent
requirements of Article 38.071. For example, Article 38.071 requires that the person taking the
child's statement must be "neutral individual experienced in child abuse cases that seeks to find
the truth of the matter" or an "expert in the handling, treatment, and investigation of child abuse
cases" whose interview tactics did not consist of calculated questioning designed to elicit
particular responses. This requirement is unnecessary under Article 38.072 because the outcry
statute allows the defense to directly question and assess the witness's neutrality and
professionalism and, if necessary, call the child victim to the stand to compare his recollection of
the outcry to that of the outcry witness.
6. The State's specific ground for review states the following: Does Article 38.072 of the
Texas Code of Criminal Procedure "clearly contemplate" that an outcry statement will be offered
only through an outcry witness, or may a videotape of the child's outcry to that witness be played
if both the witness and child are available for cross-examination?