

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1909-11

**MICHAEL JAY BAYS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### GREGG COUNTY

HERVEY, J., filed a dissenting opinion in which KELLER, P.J., and KEASLER, J., joined.

## DISSENTING OPINION

I disagree with the disposition of this case. It is clear that a video recording of an outcry statement is admissible pursuant to Article 38.072 of the Texas Code of Criminal Procedure, provided that the other statutory requirements are met. In reaching the opposite conclusion, the majority interprets the legislative intent too narrowly and relies

on a non-controlling statute.

We granted the State's petition for discretionary review to determine whether the court of appeals erroneously decided that, under Article 38.072 of the Texas Code of Criminal Procedure, a child's outcry statement may be offered only through an outcry witness, not in the form of a video recording of the child's outcry to that witness, which is played at trial where both the witness and the child are available for cross-examination.

Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). Whether hearsay is admissible at a criminal trial is determined by the Texas Rules of Evidence and the Sixth Amendment of the U.S. Constitution. *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). Although the rules of confrontation and the rules of hearsay generally protect similar values, the overlap between the two is not complete.[1] *United States v. Owens*, 484 U.S. 554, 560 (1988); *California v. Green*, 399 U.S. 149, 155-56 (1970).

Generally, hearsay is inadmissible, but it may be admitted if so provided by the Rules of Evidence, or if it is allowed "by other rules prescribed pursuant to statutory authority." Tex. R. Evid. 802. One such statute is Article 38.072 of the Texas Code of Criminal Procedure, which provides for the admission of the outcry statement of a child

---

[1]Appellant did not raise the issue of confrontation to the court of appeals, and he does not argue such here. Moreover, the Supreme Court has held that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004); *see also Delaware v. Fensterer*, 474 U.S. 15, 21-22 (1985) (per curiam); *California v. Green*, 399 U.S. 149, 162 (1970).

victim of sexual or physical abuse under specified circumstances. TEX. CODE CRIM.

PROC. art 38.072;[2] *Sanchez*, 354 S.W.3d at 484. Article 38.072 applies only to statements

that describe the alleged offense, were made by the child against whom the charged

offense was allegedly committed, and were made to the first person, 18 years or older, to

whom the child or person with a disability made a statement about that offense. TEX.

CODE CRIM. PROC. art. 38.072, § 2(a). A statement that meets these requirements

overcomes the hearsay rule and is admissible if the following conditions are also

satisfied:

> (1) [O]n or before the 14th day before the date the proceeding begins, the
> party intending to offer the statement:
>> (A) notifies the adverse party of its intention to do so;
>> (B) provides the adverse party with the name of the witness through
>> whom it intends to offer the statement; and
>> (C) provides the adverse party with a written summary of the
>> statement;
> (2) the trial court finds, in a hearing conducted outside the presence of the
> jury, that the statement is reliable based on the time, content, and
> circumstances of the statement; and
> (3) the child or person with a disability testifies or is available to testify at
> the proceeding in court or in any other manner provided by law.

*Id.* § 2(b).

When interpreting statutory language, we focus on the "'collective' intent or

purpose of the legislators who enacted the legislation." *Boykin v. State*, 818 S.W.2d 782,

---

[2]The statute has been amended by three acts of the Legislature since proceedings began against Appellant. *See* Act of June 11, 2009, 81st Leg., R.S., ch. 284, § 1; Act of June 19, 2009, 81st Leg., R.S., ch. 710, § 1; Act of April 21, 2011, 82nd Leg., R.S. Ch.1 § 2.07. None of those changes affected the statute's application to this case, so I will refer to the current version of the statute.

785 (Tex. Crim. App. 1991). To determine the collective intent of the Legislature, we look first to the literal text to discern its "fair, objective meaning." *Id.* As we have explained,

> We do this because the text of the statute is the law in the sense that it is the only thing actually adopted by the legislators, probably through compromise, and submitted to the Governor for her signature. We focus on the literal text also because the text is the only definitive evidence of what the legislators (and perhaps the Governor) had in mind when the statute was enacted into law. There really is no other certain method for determining the collective legislative intent or purpose at some point in the past, even assuming a single intent or purpose was dominant at the time of enactment. Yet a third reason for focusing on the literal text is that the Legislature is constitutionally entitled to expect that the Judiciary will faithfully follow the specific text that was adopted.

*Id.* We must "presume that every word in a statute has been used for a purpose and that each word, phrase, and sentence should be given effect if reasonably possible." *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997). Only if the statutory language is ambiguous or leads to absurd results may we consult extra-textual sources. *Boykin*, 818 S.W.2d at 785.

The majority concludes that Article 38.072 creates a hearsay exception for outcry evidence only when that evidence is conveyed by the live testimony of the outcry witness, not through the admission of video-recorded statements of the complainant. However, the plain language of the statute is clearly and unambiguously broad enough to permit the admission of an outcry statement in the form of a video recording.

The portion of Article 38.072 that refers to the offer of an outcry statement states

only that the party intending to offer the statement must "provide[] the adverse party with the name of the witness through whom it intends to offer the statement." TEX. CODE CRIM. PROC. art. 38.072, § 2(b)(1)(B). This language indicates that the outcry statement must be offered "through" a witness, that is, by means or agency of the witness. *See* AMERICAN HERITAGE COLLEGE DICTIONARY 1413 (3d ed. 2000) (defining "through"); WEBSTER'S II NEW COLLEGE DICTIONARY 1150 (1999) (same). But the language of the statute is silent regarding, and does not limit, the particular form that the outcry statement must take.

I recognize that the outcry witness often testifies directly as to the substance of the outcry statement. This is because a recording of the outcry statement does not exist and the outcry witness's recount is the only evidence available of such. But the mere fact that this is the more-common scenario does not mean that the admission of other evidentiary forms of the outcry statement are prohibited. The Legislature could have restricted the form in which the outcry statement is presented to the jury, but it elected not to. When it enacted Article 38.071 in 1983 (two years before it enacted Article 38.072), the Legislature specifically provided that the form of evidence admissible under that statute was "the recording of an audio statement of the child." In contrast, when it enacted Article 38.072, the Legislature placed no such restriction on the form in which outcry statements are presented to the jury.

In its discussion of legislative intent, the majority places much emphasis on the

reference in the legislative committee report to testimony rather than to other forms of evidence. But by focusing on the particular word "testify," the majority downplays the broader reach of the Legislature's general intent. Because the hearsay rule barred adults in whom child sex-abuse victims had confided from repeating what they had been told, the Legislature's stated purpose was to provide an exception to the hearsay rule to allow **statements** of child victims to come into evidence. *See* HOUSE COMMITTEE ON CRIMINAL JURISPRUDENCE, BILL ANALYSIS, Tex. H.B. 579, 69th Leg., R.S. (1985); HOUSE STUDY GROUP, BILL ANALYSIS, Texas H.B. 579, 69th Leg., R.S. (May 9, 1985). Recognizing that it is often traumatic for children to testify in a courtroom setting, especially about sexual offenses committed against them,[3] the Legislature constructed Article 38.072 to allow the child's outcry statement to come in "through" the first adult in whom a child confides regarding the abuse.

The language of the statute reflects that the first adult in whom a child confides is to serve as a conduit for the admission of the outcry statement (as reflected by the language "through whom"), without specifying whether the outcry statement is to be conveyed through the outcry witness's live testimony, a recording of the outcry statement, or a combination of the two. The majority contends that because the Legislature "envisioned that the child's outcry would take the form of a spontaneous verbal

---

[3] *Martinez v. State*, 178 S.W.3d 806, 810-11 (Tex. Crim. App. 2005); *see also Coronado v. State*, 351 S.W.3d 315, 317 (Tex. Crim. App. 2011); *Gonzales v. State*, 818 S.W.2d 756, 759-60 (Tex. Crim. App. 1991).

communication to a trusted adult," it "did not intend to permit admission of a child's videotaped statement." But even if there were a focus on spontaneity, the Legislature drafted the statute with language broad enough to encompass a situation in which the child's statement is recorded, even if less spontaneous.[4]

The majority concludes "that the admissibility of a child's videotaped statement is governed by the more specific video statute [Article 38.071], as opposed to the more general outcry statute [Article 38.072]." But Article 38.071 cannot control a case such as this when the victim was available and testified. Article 38.071 applies to situations in which the child witness is *unavailable*, whereas Article 38.072, the statute at issue in this case, requires that the child witness testify or at least be *available* to testify.[5] A statute

---

[4]The legislators were mindful of preserving the defendant's rights to confront the witness, and accordingly, they alleviated this concern by requiring that the complainant "be available to testify." *See* HOUSE STUDY GROUP, BILL ANALYSIS, Tex. H.B. 579, 69th Leg., R.S. (May 9, 1985).

[5]The majority asserts that "[a]n irreconcilable conflict would exist if both statutes were interpreted to permit the admission of a child's videotaped statements because the outcry statute would create a loophole for admitting evidence that is otherwise inadmissible under the more stringent video statute." This argument fails because the requirements of the two statutes are tailored to different circumstances, that is, whether the child complainant is available or unavailable. The requirements of Article 38.072 that the child victim be available and his statement be admitted "through" the outcry witness minimize the need for the more stringent requirements of Article 38.071. For example, Article 38.071 requires that the person taking the child's statement must be "neutral individual experienced in child abuse cases that seeks to find the truth of the matter" or an "expert in the handling, treatment, and investigation of child abuse cases" whose interview tactics did not consist of calculated questioning designed to elicit particular responses. This requirement is unnecessary under Article 38.072 because the outcry statute allows the defense to directly question and assess the witness's neutrality and professionalism and, if necessary, call the child victim to the stand to compare his recollection of the outcry to that of the outcry witness.

cannot control the disposition of a case when the facts are not within its scope. Moreover, I want to emphasize that the ground upon which we granted specifically addresses only Article 38.072.[6]

In conclusion, "[w]here the statute is clear and unambiguous the Legislature must be understood to mean what it has expressed, and it is not for the courts to add [to] or subtract from such a statute." *Coit v. State*, 808 S.W.2d 473, 475 (Tex. Crim. App. 1991) (quoting *Ex parte Davis*, 412 S.W.2d 46, 52 (Tex. Crim. App. 1967)). Because Article 38.072 does not limit the form in which the outcry statement may be presented through the outcry witness to the jury, the plain language is clearly broad enough to permit the admission of an outcry statement in the form of a video recording, provided that the statute's other requirements are also satisfied. Accordingly, I believe that the admission of the video recording of Anne's outcry statement during Drennan's testimony was proper under Article 38.072.

For these reasons, I respectfully dissent.

Hervey, J.

Filed: April 17, 2013

Publish

---

[6]The State's specific ground for review states the following: Does Article 38.072 of the Texas Code of Criminal Procedure "clearly contemplate" that an outcry statement will be offered only through an outcry witness, or may a videotape of the child's outcry to that witness be played if both the witness and child are available for cross-examination?